# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RONALD W. OGLE, BETTY OGLE, JERRY KERLEY, MARK T. WHITE, and JOHN C. SCHUBERT, d/b/a HIGH BRIDGE DEVELOPMENT PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> SEVIER COUNTY REGIONAL PLANNING COMMISSION and SEVIER COUNTY, TENNESSEE <br><br> Defendants. | No. 3:09-cv-537 <br> (Phillips) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Set Aside Entry of Default [Doc. 7]. On January 13, 2010, the Clerk of the Court entered default against each defendant [Doc. 5] pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Defendants now move to set aside this entry of default. Plaintiff has not responded to the motion.

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause ...." Fed. R. Civ. P. 55(c). In considering whether a defendant has demonstrated good cause, "courts are required to weigh three factors. First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th

1

Cir. 1990).

With regard to prejudice, "delay alone is not a sufficient basis for establishing prejudice. To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* at 621 (quotation and internal citation omitted). The Court finds that no such prejudice exists in the case. Defendants were required to file their answer by January 7, 2010. Defendants filed their answer on January 18, 2010, a week and a half late. The Court does not find that plaintiffs will be prejudiced by this delay. Accordingly, this factor weights in favor of setting aside the entry of default [Doc. 5].

With regard to whether the defendants have a meritorious defense, defendants have filed a proposed answer [Doc. 8]. Having reviewed the proposed answer [Doc. 8], the Court finds that defendants have raised a valid defense to the complaint. As the Sixth Circuit has made clear, "when a defendant has a meritorous defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *United States v. $22,050.00 of United States Currency*, 595 F.3d 318, 344 (6th Cir. 2010) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Accordingly, this factor weighs in favor of setting aside the entry of default [Doc. 5].

To establish culpable conduct, "mere carelessness is not enough; rather, there must be 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the defendant's] conduct on those proceedings.' " *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.

1986)).  Counsel for defendants submitted an affidavit, averring that the default was due partly to her father's death.  [Doc. 7-2].  In addition, counsel for defendants states that she did not file an answer within the specified time because she suspected she had a conflict of interest with one of her clients.  [*Id*.].  The Court finds that this does not amount to culpable conduct and therefore weighs in favor of setting aside the entry of default.

In sum, having balanced the aforementioned factors, the Court finds that defendants have demonstrated good cause for the entry of default to be set aside under Rule 55(c) of the Federal Rules of Civil Procedure.  Accordingly, defendants' motion [Doc. 7] is **GRANTED**, whereby the Clerk's Entry of Default [Doc. 5] is set aside.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge